**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s)**: 13-3710                                    Caption [use short title]

**Motion for:** Dismissal of Appeal

Set forth below precise, complete statement of relief sought:

Motion to dismiss appeal as untimely filed under

Fed. R. App. 4(a)

IN RE CITIGROUP INC. SECURITIES LITIGATION

**MOVING PARTY:** ATD Group (Plaintiff/Appellee)       **OPPOSING PARTY:** Patrick Wright

☐ Plaintiff                 ☐ Defendant
☐ Appellant/Petitioner      ☑ Appellee/Respondent

**MOVING ATTORNEY:** Peter S. Linden                   **OPPOSING ATTORNEY:** Patrick Wright (pro se)

[name of attorney, with firm, address, phone number and e-mail]

Kirby McInerney LLP                                    Patrick Wright
825 Third Avenue, 16th Floor                           10888 Shady Trail
New York, NY  10022                                    Dallas, TX  75220
plinden@kmllp.com; (212) 371-6600                      patrick@wrightfirm.com; (214) 745-1080

Court-Judge/Agency appealed from: United States District Court for the Southern District of New York (Stein, J.)

**Please check appropriate boxes:**                    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):      Has request for relief been made below?                    ☐ Yes ☐ No
☑ Yes ☐ No (explain):_____                 Has this relief been previously sought in this Court?       ☐ Yes ☐ No
                                                       Requested return date and explanation of emergency:_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

Is oral argument on motion requested?       ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?       ☐ Yes ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Peter S. Linden_____   **Date:** 12/4/2013_____   Service by: ☑ CM/ECF     ☐ Other [Attach proof of service]

---

**ORDER**

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____        By: _____

**Form T-1080** (rev. 7-12)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| IN RE CITIGROUP INC. SECURITIES LITIGATION | Case No. 13-3710-cv |

## MOTION TO DISMISS APPEAL AS
## <u>UNTIMELY FILED AND FOR LACK OF JURISDICTION</u>

COMES NOW Plaintiff-Appellee ATD Group and pursuant to Fed. R. App. P. 27 and Local Rule 27.1 seeks dismissal of this appeal (the "Appeal"). As set forth herein, appellant, Patrick Wright ("Appellant" or "Wright"), an attorney appearing *pro se*, did not timely file his notice of appeal (the "Appeal Notice") in the District Court for the Southern District of New York (the "District Court") as required under Federal Rule of Appellate Procedure 4(a)(1)(A). Moreover, on October 23, 2013, the District Court entered an order denying Appellant's motion under Federal Rule of Appellate Procedure 4(a)(5) for an extension of time to file a notice of appeal from that court's August 1, 2013 judgment that approved the settlement of a securities class action litigation. *See* Case No. 13-3710, Doc. No. 24 (2d Cir.). Wright has not appealed from that order and the time to do so has elapsed. As a result, this Court lacks jurisdiction to hear Wright's attempted Appeal of the final judgment and order of the District Court, which granted final

approval of the securities class action settlement and award of attorneys' fees. Wright's Appeal should be dismissed.

## BACKGROUND

By Order dated August 1, 2013, the District Court (Stein, J.) approved the settlement of a securities class action litigation (the "Settlement"). *In re Citigroup Inc. Sec. Litig.*, Nos. 09 MD 2070, 07 Civ. 9901 (SHS), 2013 WL 3942951 (S.D.N.Y. Aug. 1, 2013). That same day, the District Court entered a Final Judgment and Order of Dismissal with Prejudice ("Judgment"). *See* Case No. 13-3710, Doc. No. 36 (2d Cir.).

On September 24, 2013, Appellant, a Texas-based attorney who had objected to the Settlement in the District Court, filed an untimely Notice of Appeal from the August 1, 2013 Judgment approving the Settlement. Appellant was required to file his Notice of Appeal within 30 days of the entry of the District Court's Judgment, which was September 3, 2013. *See* Fed. R. App. P. 4(a)(1)(A). Also, on September 24, 2013 – 53 days after the entry of the Judgment – Appellant's motion seeking an extension of time to file his Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) was filed with the District Court. Appellant based the motion on an unsworn assertion that he did not receive

the District Court's opinion or Judgment, despite the fact that it was posted on the District Court's Electronic Case Files ("ECF") system.

On October 23, 2013, the District Court entered an order denying Appellant's motion for an extension of time in which to file a notice of appeal because Wright had "shown neither excusable neglect nor good cause." *See* Case No. 13-3710, Doc. No. 24 at 2 (2d Cir.) and Exhibit 1 to the accompanying declaration filed herewith. Specifically, the District Court found, *inter alia*, that Wright, who was an attorney that frequently used ECF, "was responsible for monitoring the docket in this litigation" and that the judgment was also available via the Public Access to Court Electronic Records ("PACER") systems, to which Wright admitted to having access. *Id.* Moreover, "[t]he fact that Wright was not physically mailed a copy of the judgment [ ] demonstrates neither good cause nor excusable neglect" and because Wright offered "no other excuse for his untimely application" for an extension of time to file the notice of appeal, the District Court denied Wright's motion. *Id.*

## ARGUMENT

"A district court's order granting or denying motions under Fed. R. App. P. 4(a)(5) is reviewed for abuse of discretion." *Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001). Such an order "cannot be set aside by a reviewing court unless it

3

has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003) (quoting *In re O.P.M. Leasing Servs., Inc.*, 769 F.2d 911, 915 (2d Cir.1985) (citation and internal quotation marks omitted)). Moreover, if an appeal is filed outside the time limitations provided in Rule 4(a)(5), the appellate court lacks jurisdiction. *Goode*, 252 F.3d at 245. Further, compliance with Rule 4(a) is "mandatory and jurisdictional." *Redhead v. Conference of Seventh-Day Adventists*, 360 Fed. Appx. 232, 233 (2d Cir. 2010) (quoting *Cohen v. Empire Blue Cross & Blue Shield*, 142 F.3d 116, 118 (2d Cir. 1998)). Under Rule 4(a), a notice of appeal in a civil case must be filed within 30 days after entry of the judgment from which the appeal is sought. Fed. R. App. P. 4(a)(1)(A). Here, the appeal deadline under Rule 4(a)(1) was September 3, 2013 and Wright's notice of appeal was filed with the District Court clerk on September 24, 2013 (21 days after the deadline). Accordingly, Wright's notice of appeal is untimely and should be dismissed.

The district court may, however, extend the time period to file a notice of appeal if: (i) a party moves for the extension no later than 30 days after the time prescribed by Rule 4(a) expires and (ii) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A)(i) and (ii). Here, the District

4

Court denied Wright's motion for an extension of time to file a notice of appeal because Wright failed to show excusable neglect or good cause where, *inter alia*, Wright, as an attorney that frequently used ECF, had access to PACER, and was familiar and capable of accessing the Judgment from the court's ECF system. *See* Case No. 13-3710, Doc. No. 24 at 1-2 (2d Cir.). *See e.g.*, *Dennett v. C.I.A.*, 252 Fed. Appx. 343, 345 (2d Cir. 2007) (affirming district court's denial of motion for an extension to file a notice of appeal and finding no excusable neglect where appellant mailed the notice of appeal to the wrong district court's address despite having previously filed numerous documents in that court). For this additional reason, Wright's Appeal should be dismissed because this Court lacks jurisdiction to hear the Appeal. *Silivanch*, 333 F.3d at 363 ("If no notice of appeal is filed before the deadline provided by Rule 4(a)(1) (or a new deadline set pursuant to Rule 4(a)(5) or (6)), this Court lacks jurisdiction to hear the appeal.").

## CONCLUSION

For the above and foregoing reasons, Appellee respectfully requests that this

Court dismiss Wright's Appeal as untimely filed and for lack of jurisdiction.

Dated:    December 4, 2013                        Respectfully submitted,
                                                  KIRBY McINERNEY LLP

                                                  /s/ Peter S. Linden
                                                  Peter S. Linden
                                                  Ira M. Press
                                                  Andrew M. McNeela
                                                  825 Third Avenue, 16th Floor
                                                  New York, New York 10022
                                                  Telephone: (212) 371-6600
                                                  Facsimile: (212) 751-2540

                                                  *Counsel for Plaintiff-Appellee*
                                                  *ATD Group*

6

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

IN RE CITIGROUP INC. SECURITIES
LITIGATION

Case No. 13-3710-cv

**DECLARATION OF PETER S. LINDEN IN SUPPORT OF
MOTION TO DISMISS APPEAL AS
<u>UNTIMELY FILED AND FOR LACK OF JURISDICTION</u>**

I, PETER S. LINDEN, declares as follows, under penalty of perjury:

1.    I am a member of the law firm of Kirby McInerney LLP, counsel for Plaintiff-Appellee in the above captioned action, and admitted to the bar of this Court.  I make this declaration in support of Plaintiff-Appellee's motion to dismiss the appeal filed by Kenneth Patrick Wright as untimely filed and for lack of jurisdiction.

2.    By order dated August 1, 2013, the District Court (Stein, J.) approved the settlement of a securities class action litigation (the "Settlement").  *In re Citigroup Inc. Sec. Litig.*, Nos. 09 MD 2070, 07 Civ. 9901 (SHS), 2013 WL 3942951 (S.D.N.Y. Aug. 1, 2013).  That same day, the District Court entered a Final Judgment and Order of Dismissal with Prejudice (the "Judgment").

3.      Appellant Kenneth Patrick Wright, appearing before this Court *pro se*, is a Texas-based attorney who had objected to the Settlement in the District Court. Appellant was required to file his Notice of Appeal within 30 days of the entry of the District Court's Judgment, which was September 3, 2013.    Appellant's untimely Notice of Appeal from the August 1, 2013 Judgment approving the Settlement was filed with the District Court clerk on September 24, 2013 – 53 days after the entry of the Judgment.    Along with his untimely notice of appeal, Appellant filed a motion in the District Court seeking an extension of time to file his Notice of Appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).

4.      On October 4, 2013, Plaintiff-Appellee filed an opposition to Appellant's motion for extension of time to file a notice of appeal with the District Court.

5.      On October 23, 2013, the District Court entered an order denying Appellant's motion for an extension of time to file a notice of appeal.  Appellant did not seek to appeal this order and the time to do so has elapsed.  A true and correct copy of this order is annexed hereto as Exhibit 1 and is also available on the docket for this case, No. 13-3710, Doc. No. 24 (2d Cir.).

6.      As required by Local Rule 27.1(b), on December 2, 2013, I wrote to Appellant to advise him of our intention to make a motion to dismiss his appeal.

2

Appellant has not stated his position on the relief requested nor has he indicated whether he intends to file a response to this motion.

Dated:  December 4, 2013                                        /s/ Peter S. Linden                    _
                                                                                Peter S. Linden

# EXHIBIT 1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/23/13__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE CITIGROUP INC. SECURITIES
LITIGATION

---

09 MD 2070 (SHS)
This document relates to:
07 Civ. 9901 (SHS)

<u>ORDER</u>

SIDNEY H. STEIN, U.S. District Judge.

Objector Kenneth Patrick Wright, an attorney appearing pro se, has moved pursuant to Federal Rule of Appellate Procedure 4(a)(5) for an extension of time to file a notice of appeal from this Court's judgment approving the settlement of this securities class action litigation that was entered August 1, 2013. Wright was required to file his notice of appeal within 30 days of the entry of judgment, *see* Fed. R. App. P. 4(a)(1); based on the Court's computation of time pursuant to Federal Rule of Civil Procedure 6, the last day for Wright to file his notice of appeal was September 3, 2013. Wright's notice of appeal was filed with the district clerk on September 24, 2013, accompanied by a motion seeking an extension of time to file the notice. In support of his motion, Wright alleges that he failed to timely file a notice of appeal because he "did not receive a copy of [the] decision by mail" and "only learned about the judgment online, through PACER, on September 18." (Dkt. No. 288.)

Wright, however, has not demonstrated "excusable neglect" or "good cause," as required for the Court to exercise its discretion to extend the deadline. *See* Fed. R. App. P. 4(a)(5). The question of whether a movant's neglect should be excused is an equitable one, taking into account all relevant circumstances and factors including prejudice to the nonmoving party, "length of the delay," "reason for the delay," and "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). The U.S. Court of Appeals for the Second Circuit has made clear that the reason for the delay is the most important consideration. *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).

Wright's sole proffered excuse for his three-week delay in filing a notice of appeal is that he did not receive notification of the judgment approving the settlement by mail. It is undisputed, however, that the judgment was docketed in the Southern District of New York Electronic Court Filing ("ECF") system on August 1, 2013. Wright—who is an attorney and

according to the lead counsel in this action, has used ECF on "numerous occasions"—was responsible for monitoring the docket in this litigation, which would have ensured that he learned of such developments as the entry of judgment. (*See* Exs. 7, 8 to Decl. of Peter S. Linden, Esq. dated Oct. 4, 2013, Dkt. No. 291.) The judgment was also available via the Public Access to Court Electronic Records ("PACER") system—to which movant, by his own admission, had access—and widely reported upon by national media outlets. (*See* Exs. 2, 3, 4 to Linden Decl.) The fact that Wright was not physically mailed a copy of the judgment, therefore, demonstrates neither good cause nor excusable neglect. He claims no other excuse for his untimely application.

Because Wright has shown neither excusable neglect nor good cause, his motion for an extension of time in which to file a notice of appeal is denied. (Dkt. No. 288.)

Dated: New York, New York
       October 23, 2013

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.

cc:     Kenneth Patrick Wright
       10888 Shady Trail
       Dallas, TX 75220

2

## CERTIFICATE OF SERVICE

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, I hereby certify that on December 4, 2013 I caused a copy of the foregoing Motion to Dismiss to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system, which will send a Notice of Docket Activity to all parties with an e-mail address of record, who have appeared and consent to electronic service in this action.

In addition, I further certify that, on December 4, 2013, I caused copies of the same document to be served on the individual in this proceeding by electronic mail:

Patrick Wright, Appellant (patrick@wrightfirm.com)


Dated:     December 4, 2013                    /s/ Peter S. Linden          _
           New York, New York                  Peter S. Linden